IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.                                                 **Criminal Action No. 3:09-CR-67-01**
                                                          **(BAILEY)**

**ERWIN BERNARD REDDING,**

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO VACATE JUDGMENT AND RECONSIDERATION OF THIS COURT'S ORDER DENYING DEFENDANT'S MOTION FOR REDUCED SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

Pending before this Court is defendant's *pro se* Motion to Vacate Judgment of Sentence Pursuant to Federal Rules of Civil Procedures 60(b)(3), (4), and (6) for Denying Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) [Doc. 150], which was filed on June 11, 2012. On March 26, 2012, this Court denied the *pro se* Petitioner's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) based upon the "Fair Sentencing Act" [Doc. 147]. The instant motion essentially asks this Court to reconsider its previous ruling. Finding the defendant not entitled to any relief under the amendments to the Sentencing Guidelines, this Court's Order stands.

This is a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(2), which provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the

1

defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [706], and all other guideline decisions will remain unaffected." *United States v. Gilliam*, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing U.S.S.G. § 1b1.10.

In this case, the defendant was sentenced on July 28, 2010, the day after the "Fair Sentencing Act" was passed by the House of Representatives. Under the Fair Sentencing Act of 2010, this Court must review the relevant conduct attributable to this defendant. The petitioner's motion illustrates his evident confusion between using relevant conduct versus the amount of crack for which the jury convicted him for purposes of determining his base offense level. "Section 1B1.3(a) of the United States Sentencing Guidelines Manual specifies that the base offense level is to be determined by considering the offense of conviction and relevant conduct. 'Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict.' *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2009)." *United States v. Garcia*, 432 Fed.Appx. 248, 252 (4th Cir. 2011).

Section 1B1.3 of the Sentencing Guidelines defines "relevant conduct" as:

**(1)(A)** all acts and omissions committed, aided, abetted, counseled,

commanded, induced, procured, or willfully caused by the defendant; and

**(B)** in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense....

This Court found the relevant conduct to be 146.15 grams of cocaine base and correctly adjusted the base offense level to level 28. Accordingly, his original sentence was correctly calculated using the guidelines applicable under the 2010 amended guidelines.[1] Therefore, this Court will not reduce the defendant's sentence.

For the reasons stated above, and for the reasons stated in this Court's March 23, 2012, Order [Doc. 149], the defendant's *pro se* Motion to Vacate Judgment of Sentence Pursuant to Federal Rules of Civil Procedures 60(b)(3), (4), and (6) for Denying Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) **[Doc. 150]** is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to the defendant and to all counsel of record herein.

---

[1] This Court further notes that defendant Redding filed a direct appeal in his case asserting, amongst other things, that "the district court improperly calculated the drug quantities, and as a result, his sentence is unconstitutional." ***United States v. Redding***, 422 Fed.Appx. 192 (4th Cir. 2011). The Fourth Circuit Court of Appeals, noting that Mr. Redding argued this for the first time in his reply brief, found that this argument had been abandoned. *See **A Helping Hand v. Balt. County***, 515 F.3d 356, 369 (4th Cir. 2008).

**DATED:** June 21, 2012.

_____
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE